IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF L. HANSEN,<br>　　　　　Plaintiff,<br>　　　　v.<br>THE BURLINGTON NORTHERN<br>AND SANTA FE RAILWAY COMPANY,<br>a Delaware corporation,<br>　　　　　Defendants. | NO. CV S-04-0317 GEB JFM<br><br>ORDER* |

　　　　Plaintiff Jeff Hansen moves for partial summary judgment on the issue of Defendant Burlington Northern and Santa Fe Railway Company's ("BNSF") liability under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.  Hansen asserts that BNSF is strictly liable for damages he suffered when he slipped on oil located on the walkway of a locomotive because the presence of oil on the walkway violated the Federal Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701-20703, and a federal safety regulation promulgated pursuant thereto, 49 C.F.R. § 229.113 (2004).

---

　　　*　　This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1     As explained in more detail below, Hansen's motion is denied
2 because he has not shown the absence of a genuine issue of material
3 fact as to whether oil on the walkway of the locomotive caused him to
4 slip and fall.

## BACKGROUND

6     Hansen is a locomotive engineer for BNSF.  On October 22,
7 2002,  Hansen and Greg Poole constituted the crew of a train that was
8 directed to wait in the siding near Lookout, California.  While the
9 train waited, Hansen tended to administrative matters related to the
10 train and traveled from car to car.  In one of the cars, Hansen
11 noticed an open compartment door latch that should have been closed.
12 As he approached the open compartment door, Hansen asserts that he
13 slipped on oil, striking his head on the locomotive engine floor,
14 pinning his left leg behind him, and injuring his left shoulder.

## DISCUSSION [1]

16     To obtain partial summary judgment, Hansen must show that
17 the oil on the walkway caused him to slip and fall.  See St. Louis-San
18 Francisco Ry. Co. v. Mills, 271 U.S. 344, 347-348 (1926) (holding that
19 plaintiff bears the burden of establishing negligence under FELA).
20 Causation under FELA jurisprudence requires Hansen to establish that
21 BNSF's LIA violation "played any part, even the slightest, in
22 producing [his] injury."  Rogers v. Missouri Pac. R.R. Co., 352 U.S.
23 500, 506 (1957).

24     Hansen proffers his own deposition testimony and the
25 deposition testimony of Poole, who observed Hansen *after* the alleged
26 slip, to support his assertion that the oil on the walkway of the

---

[1] Summary judgment standards are well known and will not be repeated unless relevant to a point discussed.

2

locomotive caused him to slip.  However, this evidence does not constitute direct evidence that oil caused Hansen to fall.  BNSF controverts this evidence with evidence from which a reasonable inference can be drawn that oil on the walkway did not cause Hansen to slip and fall.  See, e.g., Hansen Dep. 77:17-78:3 (where Hansen testified that he did not observe oil on the walkway of the locomotive immediately before slipping); Bossolono Dep. 21:22-22:2 (where Bossolono, who inspected the walkway after Hansen's fall, testified that he did not observe "slip markings [or] boot marks that indicated that someone may have fallen [on the walkway]").[2]  Under summary judgment jurisprudence, reasonable inferences must be drawn in the nonmovant's favor.  Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

Therefore, Hansen's motion for partial summary judgment is denied.

IT IS SO ORDERED.

Dated:  June 6, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2]   Hansen objects to his own deposition testimony on this point claiming that the testimony is irrelevant under Rule 402 of the Federal Rules of Evidence.  This objection is overruled. Furthermore, Hansen argues that BNSF mischaracterizes  Bossolono's deposition testimony.  This objection is also overruled.

3